UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs                                     Case No: 15-20450
                                       Honorable Victoria A. Roberts

D1 - DENNIS WINGO,

      Defendant.

_____/

## <u>ORDER UPHOLDING MAGISTRATE JUDGE'S ORDER</u>

Defendant Wingo filed an Amended Motion for the Production of Exculpatory Evidence (Doc. #21) presenting this Statement of Issues:

> Should the Government be compelled to produce the true identity of its confidential informant to Defendant so that he may be able to adequately and reasonably present his defense at trial?

At trial the Defendant intends to present the defense of entrapment, which requires proof that: (1) the government induced the defendant to commit the crime; and (2) the defendant was not predisposed to commit the crime. *United States v. Nelson,* 922 F.2d 311, 317 (6th 1990), citing *Matthews v. United States,* 485 U.S. 58, 62-63(1988). Unless Defendant can satisfy his burden, nothing compels the Government to disclose informant identity. *Roviaro v United States*, 353 U.S. 53, 61 (1957).

In establishing the second element, the government must prove beyond a reasonable doubt that defendant was already willing to commit the crime before he was approached by government agents or persons acting on behalf of the government. In determining pre-disposition, the fact finder may consider: (1) the character or reputation

1

of the defendant; (2) whether the suggestion of criminal activity was originally made by the government; (3) whether the defendant was engaged in criminal activity for profit; (4) whether defendant evidenced reluctance to commit the offense but was overcome by government persuasion; and (5) the nature of the inducement or persuasion. *Nelson*, *supra* at 317.

The Sixth Circuit has added a sixth factor: whether the defendant took part in any similar criminal activity with anyone else before or after. *United States v Stokes*, 1993 WL 312009, 3, 1993 U.S. App. LEXIS 21414, 9 (unpublished).

This Court referred Defendant's motion to Magistrate Judge Patti for disposition. Magistrate Judge Patti held a hearing on November 24, 2015, at which time the Defendant expanded his request for not only the identity and contact information for the person whom he says set him up to engage in the cocaine conspiracy charged, but also for all communications between that person and federal agents.

In denying the defense motion, Magistrate Judge Patti found:

1. Defendant engaged in four drug transactions, only at two of which the confidential informant was present. When she was present, she purchased marijuana (not charged) and the Alcohol Tobacco and Firearms ("ATF") agent purchased cocaine;

2. The Defendant had prior convictions for delivery of narcotics in 2001 and 2010, and as a felon in possession of a firearm;

3. Before commission of the crimes charged, Defendant had met the confidential informant on an illegal website and had engaged with her for at least six months prior to commission of the crimes, giving her marijuana

2

and money in exchange for sex, and illegally smoking marijuana with her; and

4.      Defendant seemed to know where to get cocaine to sell to the ATF agent.

Based on the above, Magistrate Judge Patti concluded that the Defendant was not an otherwise law abiding citizen and that he demonstrated a predisposition to the crime.

Magistrate Judge Patti also noted Defendant continued selling drugs to the ATF agent after the confidential informant was no longer involved, which signaled a willingness to commit the crime.

At the hearing held, the Government said it had no intention to call the confidential informant as a witness at trial, given that the ATF agent was a *res gestae* witness for all pertinent drug transactions.

In balancing the public interest to protect the continued flow of information from confidential sources, against the Defendant's right to prepare his defense, Magistrate Judge Patti concluded that the need to protect the confidential informant outweighed the needs of the Defendant; Magistrate Judge Patti concluded Defendant could not establish the entrapment defense.  *Roviaro,* 353 U.S. 53 (1957).  Therefore, nothing required the Government to disclose her identity and contact information.

Defendant filed an objection to Magistrate Judge Patti's Order. (Doc. #34)  In it, he argues for the first time that "Defendant's theory of entrapment is sentencing entrapment."  He contends that he "lacked a predisposition to commit the greater offense charged, even if he may have been predisposed to engage in lesser or different criminal behavior."  Objections at p. 3.  Defendant also contends that Magistrate Judge

Patti's determination that he cannot establish entrapment, is contrary to *Matthews*.

The Government disagrees that the Magistrate Judge did not follow the law of *Matthews,* arguing that *Matthews* had only to do with whether an entrapment instruction should be given to the jury - not whether the Government had to make certain disclosures.

In reviewing a magistrate judge's ruling on a pretrial, non-dispositive motion, the court will reverse only if the decision is clearly erroneous or contrary to law. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings made by the Magistrate; his legal conclusions are reviewed under the "contrary to law" standard. *Gandee v Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff''d*, 19 F.3d 1432 (6th Cir. Mar. 14, 1994)(Table). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court is ... left with the definite and firm conviction that a mistake has been committed." *Robinson v Allstate Ins. Co.*, No. 09-10341, 2011 WL 311947, at *2 (E.D. Mich. July 26, 2011) (quoting *United States v United States Gypsum Co.*, 330 U.S. 364, 395 (1948)). "If more than one permissible view of the evidence exists, the Magistrate's decision cannot be clearly erroneous." *Id.* (citing *Anderson v City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985)). A legal conclusion that fails to apply or misapplies case law, statutes, or procedural rules is "contrary to law." This standard requires the Court to use independent judgment. *Id.*

Defendant does not challenge Magistrate Judge Patti's findings of fact. And, his challenge that Magistrate Judge Patti's legal decision was contrary to *Matthews,* is unavailing. In *Matthews* the Supreme Court only held that even if a defendant denies commission of the crime, he is entitled to an instruction as to any recognized defense -

4

including entrapment - for which there exists evidence sufficient for a reasonable jury to find in his favor. *Matthews*, *Id.* at 63. Whether the government must disclose the identity of a confidential informant was not before the *Matthews* Court.

Finally, the Court will not consider the Defendant's theory of sentencing entrapment; it was never before Magistrate Judge Patti; the Government never had an opportunity to respond to it.

After a careful and thorough review of the record, the Court concludes that the Magistrate Judge's decision is neither clearly erroneous nor contrary to law.

The Court rejects the Defendant's objections and **UPHOLDS** the Magistrate Judge's Order.

**IT IS ORDERED**.

  /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 17, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 17, 2016.

s/Linda Vertriest
Deputy Clerk

5