UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 15-20450
                                       Honorable Victoria A. Roberts

DENNIS WINGO,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR**
**IMMEDIATE TRANSFER TO HOME CONFINEMENT [ECF No. 52]**

**I.    INTRODUCTION**

This matter is before the Court on Dennis Wingo's motion for immediate transfer to home confinement under 18 U.S.C. § 3582(c)(1)(A). He asks the Court to grant him a compassionate release due to his alleged medical conditions, the COVID-19 pandemic, and family circumstances.

The Court **DENIES** Wingo's motion [ECF No. 52].

**II.    BACKGROUND**

Wingo pled guilty to conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 841, 846. Wingo was held accountable for 16.86 grams of cocaine base and 27.82 grams of marijuana. Based on the nature of the offense and Wingo's

designation as a career offender due to his criminal history, the anticipated guideline range under the Sentencing Guidelines was 151-188 months. However, the plea agreement capped the sentence at 120 months.

The Court sentenced Wingo to 100 months imprisonment followed by 36 months of supervised release. Wingo has served approximately 45 months of his sentence. His projected release date is April 22, 2024.

Wingo is 38 years old. His criminal history includes convictions for illegal drug trafficking, unlawful sale of firearms, and felon in possession of firearm. Wingo has violated the terms of probation several times in the past, and he committed the offense in this case while on probation for a prior conviction. Wingo has received several misconducts for drug and alcohol possession and use, among other things, while serving the underlying sentence. He has not completed drug treatment courses, vocational training, or his release preparation program.

Wingo filed his motion for compassionate release on May 28, 2020. The government opposes his release.

## III. DISCUSSION

The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons

warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).

### A. Wingo Did Not Properly Exhaust Administrative Remedies

The Sixth Circuit recently held that exhaustion of administrative remedies is a "mandatory condition" before a defendant can file a motion for compassionate release.  *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). The Sixth Circuit found "[t]he seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk."  *Id.* at 835-36.

In his request to the Bureau of Prisons ("BOP"), Wingo sought release from prison based on "Incapacitation of Spouse or Registered Partner."  The BOP denied Wingo's request because he failed to provide necessary information concerning his claim.  Among other things, the BOP said it needed the following information to determine Wingo's eligibility for

release: (1) a statement that explains Wingo's spouse has become incapacitated; (2) a statement that Wingo is the only family member capable of caring for his spouse; and (3) verifiable medical documentation of the incapacitation of Wingo's spouse.

In his motion, Wingo seeks compassionate release based on COVID-19, his own alleged underlying medical conditions, and the incapacitation of his spouse.

Because the factual basis for release Wingo submitted to the BOP is not the same as what he submitted to the Court, Wingo failed to properly exhaust his administrative remedies, and his motion must be denied. *See United States v. Asmar*, No. 18-20668, 2020 WL 3163056, at *3 (E.D. Mich. June 5, 2020) ("Where the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before Defendant brings his request to the courts." (citations omitted)). The Court denies Wingo's motion on this basis alone.

Moreover, even if Wingo had properly exhausted his administrative remedies, release would be inappropriate for several reasons.

### B. No Extraordinary and Compelling Reasons Exist

Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1; *Austin*, 2020 WL 2507622, at *1.

As set forth above, Wingo says extraordinary and compelling reasons exists based on COVID-19, his own alleged underlying medical conditions, and the incapacitation of his spouse.

Although COVID-19 presents serious risks in the federal prison system, the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Thus, COVID-19, by itself, is not sufficient to satisfy the extraordinary and compelling reason requirement. *See id.*

5

Although Wingo claims he has diabetes, breathing problems, and chest pain, his medical records do not support such allegations. Because Wingo fails to support the allegation that he suffers from underlying medical conditions that put him at high risk related to COVID-19, his *alleged* medical conditions do not constitute an extraordinary and compelling reason for release.

Moreover, in his July 31, 2020 reply brief, Wingo says he was diagnosed with COVID-19 on June 26, 2020. Wingo says he did not receive any medication and was not hospitalized; he says that since his 14-day quarantine ended, he has not spoken to medical personnel. Notably, and thankfully, Wingo does not claim that he had any symptoms – let alone serious symptoms – that would have required medication or hospitalization, nor does he say that he has needed to see a medical provider since the end of his quarantine. That Wingo contracted COVID-19 and had no serious symptoms or complications further demonstrates that his *alleged* medical conditions do not constitute extraordinary or compelling reasons for release.

Wingo also fails to submit sufficient evidence showing that an extraordinary and compelling reason exists for his release based on family circumstances. Wingo says his spouse is the primary caregiver to his three

stepsons, and she participates in dialysis three days a week for four hours; he says he needs to be home to help with his stepsons. Wingo also says he wants to be her kidney donor, but he fails to present any documentation that he would be a suitable donor candidate. Similar to his own *alleged* medical conditions and as the BOP said in its denial letter, Wingo fails to present evidence establishing that: (1) his wife is actually incapacitated; (2) his wife is unable to care for his three stepsons; and/or (3) he is the only person able to help care for his wife and/or stepsons.

Wingo fails to show extraordinary and compelling reasons exist for his release.

### C. Wingo is a Danger to the Community

Even if Wingo satisfied the above requirements, he would be ineligible for release 18 U.S.C. § 3582(c)(1)(A) because he is a danger to the community, and because § 1B1.13(2) of the Sentencing Guidelines only permits compassionate release if "the defendant is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2); *Austin*, 2020 WL 2507622, at *1.

Wingo's offense, his extensive criminal history, his inability and/or unwillingness to abide by rules and conditions ordered by a court – as

shown by his past probation violations, and his misconduct while serving the current sentence demonstrate that he is a danger to the community.

### D. The § 3553(a) Sentencing Factors Weigh Against Release

Finally, notwithstanding each of the foregoing reasons, the Court would also deny Wingo's motion because the applicable § 3553(a) factors weigh against his release at this stage of his sentence. *See Austin*, 2020 WL 2507622, at *1 (the Court must find that that the 18 U.S.C. § 3553(a) factors weigh in favor of release before granting such relief).

Wingo has only served 45 months of his below-guidelines, 100-month sentence. Given the dangerous nature of Wingo's crime, release at this juncture would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a).

## IV. CONCLUSION

The Court **DENIES** Wingo's motion for immediate transfer to home confinement.

**IT IS ORDERED**.

                                                s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: August 12, 2020